# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-00234-01-CR-W-HFS |
| MAREK REDDING, | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement that the parties request be made binding upon the Court upon its acceptance of the plea agreement. The parties request that the Court impose a total sentence of 240 months' imprisonment upon the defendant's pleas of guilty to Counts One, Two, Four, and Five as follows: a sentence of 240 months' imprisonment on Counts One and Four, a sentence of 180 months' imprisonment on Count Two, and a sentence of 24 months' imprisonment on Count Five, all sentences to run concurrently. Additionally, the parties request that the Court impose a term of supervised release between 25 years and life, restitution in an amount to be determined at sentencing, and a $400.00 special assessment pursuant to 18 U.S.C. § 3013. The parties are further aware that the Court will consider imposition of a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 if the defendant is not indigent, and an additional assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3). All as more fully described below.

    **1.**   **The Parties.**   The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, United States Attorney, Alison D. Dunning,

Assistant United States Attorney, and the defendant, Marek Redding ("the defendant"), represented by attorney Ronna Holloman-Hughes.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2.** **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Counts One, Two, Four and Five of the Indictment.

Counts One and Four of the Indictment each charge the defendant with the offense of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e).

Count Two of the Indictment charges the defendant with the offense of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

Count Five of the Indictment charges the defendant with the offense of extortion, in violation of 18 U.S.C. § 875(d).

By entering into this plea agreement, the defendant admits that he knowingly committed the offenses charged and is in fact guilty of the offenses.

The defendant also admits to the forfeiture allegation of the Indictment and agrees to forfeit to the United States the property described in forfeiture allegation of the Indictment and this plea agreement.

**3.** **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty include the following:

On or about January 24, 2022, the date being approximate, in the Western District of Missouri and elsewhere, the defendant, Marek Redding, did knowingly employ, use, persuade,

2

induce, entice and coerce a minor, Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in or affecting interstate or foreign commerce, and was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and attempted to do so, all in violation of Title 18, United States Code, Sections 2251(a) and (e).

On or about January 24, 2022, the date being approximate, in the Western District of Missouri and elsewhere, the defendant, Marek Redding, using any means or facility of interstate or foreign commerce, knowingly distributed a visual depiction of Minor Victim 1, that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and the visual depiction contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, and attempted to do so, all in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

The defendant admits that on or about January 24, 2022, within the Western District of Missouri, he recorded a video of Minor Victim 1 engaged in sexually explicit conduct. The defendant further admits that he knew Minor Victim 1 was in fact a minor under the age of 18. The defendant further admits that he distributed a copy of the video to another person in another state via SMS text messaging on a network that engages in interstate commerce. Further, the defendant admits that the device he used to produce and distribute, and possess a copy of, the video of Minor Victim 1 was manufactured outside the state of Missouri and had therefore traveled in interstate or foreign commerce.

On or about March 10, 2022, the date being approximate, in the Western District of Missouri and elsewhere, the defendant, Marek Redding, did knowingly employ, use, persuade, induce, entice and coerce a minor, Minor Victim 2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in or affecting interstate or foreign commerce, and was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and attempted to do so, all in violation of Title 18, United States Code, Sections 2251(a) and (e).

The defendant admits that on or about March 10, 2022, within the Western District of Missouri, he instructed Minor Victim 2 to record a video of Minor Victim 2 engaged in sexually explicit conduct. The defendant further admits that he knew Minor Victim 2 was in fact a minor under the age of 18. Further, the defendant admits that the device he used to produce, and possess a copy of, the video of Minor Victim 2 was manufactured outside the state of Missouri and had therefore traveled in interstate or foreign commerce.

On or about the dates between April 9, 2022 and April 11, 2022, said dates being approximate, in the Western District of Missouri and elsewhere, the defendant, Marek

Redding, knowingly and with intent to extort a thing of value from Adult Victim, did transmit in interstate and foreign commerce a communication containing a threat to injure the property and reputation of Adult Victim, all in violation of Title 18, United States Code, Section 875(d).

The defendant admits that on or about the dates between and including April 9, 2022 and April 11, 2022, he knowingly sent messages to Adult Victim via a social media platform that operates over the Internet. The defendant further admits that the messages contained true threats to damage the reputation of Adult Victim. The defendant further admits that he sent the true threats with the intent to extort something of value to the defendant, namely photographs. The defendant further admits that he was located within the Western District of Missouri when he sent the true threats to Adult Victim, who was known to be located in another state.

The defendant admits that he used or intended to use the following property to commit, promote, or facilitate the commission of Counts One, Two, and Four of the Indictment and the conduct described above: a black Apple iPhone 8, serial number F4GXQU2AJC67, IMEI 356085097002357; a dark gray Apple iPhone 8, serial number C7CW93YRJC6C, IMEI 353002095307202; an Android TCL A509L cell phone, IMSI 311480631504640; a 128GB Apple iPhone 13 mini, serial number QT92MDJ7PT, IMEI 350257576117107; a blue Apple iPhone, IMEI 353503754266282; a 128GB Apple iPhone 11 Pro, serial number C39CF2U5N6XN, IMEI 353237108191942; and a 64GB Apple iPhone, serial number unknown, IMEI 354830095556546.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the Indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that production of child pornography, as charged in Counts One and Four of the Indictment, carries a mandatory minimum sentence of 15 years' imprisonment, and a maximum sentence of 30 years' imprisonment, a $250,000 fine, from five

4

years to life of supervised release, an order of restitution of not less than $3,000 per victim, a $5,000 special assessment for non-indigent defendants, and an additional assessment of not more than $50,000. The defendant understands that production of child pornography is a Class B felony.

The defendant understands that distribution of child pornography, as charged in Count Two of the Indictment, carries a mandatory minimum sentence of 5 years' imprisonment, a maximum sentence of 20 years' imprisonment, a $250,000 fine, from five years to life of supervised release, an order of restitution of not less than $3,000 per victim, a $5,000 special assessment for non-indigent defendants, and an additional assessment of not more than $35,000. The defendant understands that distribution of child pornography is a Class C felony.

The defendant understands that extortion, as charged in Count Five of the Indictment, carries a maximum sentence of 2 years' imprisonment, a $250,000 fine, and up to one year of supervised release. The defendant understands that extortion is a Class E felony.

The defendant further understands that a mandatory special assessment of $100 will be assessed for each felony count of conviction for a total of $400, which must be paid in full at the time of sentencing.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. While these Guidelines are advisory in nature, and the Court ordinarily would have the discretion to impose a sentence either less than or greater than the court-determined advisory Guidelines range, in this instance the parties agree, pursuant to Rule 11(c)(1)(C), that the Court must impose sentence as follows: A sentence of 240 months' imprisonment on Counts One and Four of the Indictment, a sentence of 180 months' imprisonment on Count Two of the Indictment, and a sentence of 24 months' imprisonment on Count Five of the indictment, to be served concurrently for a total of 240 months' imprisonment; a term of supervised release between 25 years and life; no fine; restitution in an amount to be determined

5

at sentencing; and a $400 special assessment pursuant to 18 U.S.C. § 3013. The parties are further aware that the Court will consider imposition of a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 if the defendant is not indigent, and an additional assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(2). If the court accepts this plea agreement, it must inform the defendant that sentence will be imposed in accordance with this agreement of the parties. If the court rejects this plea agreement, it must, on the record and in open court, inform the parties that the court rejects the plea agreement, advise the defendant personally that because the Court is rejecting the plea agreement the Court is not required to impose sentence in accordance with the agreement of the parties, give the defendant an opportunity to withdraw the defendant's guilty plea, and further advise the defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated;

      b.   The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

      c.   In addition to a sentence of imprisonment, the Court must impose a term of supervised release of at least five years up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed, and in the defendant's case, the Court must impose a period of supervised release between 25 years and life;

      d.   If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to three years without credit for time previously spent on supervised release. However, pursuant to 18 U.S.C. § 3583(k), if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A (sexual abuse offenses occurring on special maritime or territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2241-2248), 110 (sexual exploitation and other abuse of children, including child pornography offenses, in violation of 18 U.S.C. §§ 2251-2260A), or 117 (transportation for illegal sexual activity and related crimes, in violation of 18 U.S.C. §§ 2421-2428) or Section 1201 (kidnapping) or 1591 (sex trafficking of children or by force, fraud, or coercion) of Title 18 of the United States Code, the law may allow the Court to impose an additional period of imprisonment of five or more years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

      e.   Any sentence of imprisonment imposed by the Court will not allow for parole;

      f.   The defendant agrees that the United States may institute civil, judicial, or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that he will not contest any such forfeiture proceedings;

6

g. The defendant agrees to forfeit all interests he owns or over which he exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States, either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p), including but not limited to the following specific property:

    i.    A black Apple iPhone 8, serial number F4GXQU2AJC67, IMEI 356085097002357;

    ii.    A dark gray Apple iPhone 8, serial number C7CW93YRJC6C, IMEI 353002095307202; and

    iii.    An Android TCL A509L cell phone, IMSI 311480631504640.

    iv.    a 128GB Apple iPhone 13 mini, serial number QT92MDJ7PT, IMEI 350257576117107;

    v.    A blue Apple iPhone, IMEI 353503754266282;

    vi.    a 128GB Apple iPhone 11 Pro, serial number C39CF2U5N6XN, IMEI 353237108191942; and

    vii.    a 64GB Apple iPhone, serial number unknown, IMEI 354830095556546.

With respect to any asset that the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution;

h. The defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets forfeitable to the United States, either directly or as a substitute asset, in which he, his co-defendants, and his co-conspirators have or had any direct or indirect financial interest, or exercise or exercised control, directly or indirectly, during the period from June 2019 to the present. The defendant also agrees to fully and completely assist the United States in the recovery and forfeiture of all such forfeitable assets;

i. The defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before his sentencing; and

j. The defendant states that he is the sole and rightful owner of the following property:

    i.    A black Apple iPhone 8, serial number F4GXQU2AJC67, IMEI 356085097002357;

ii.    A dark gray Apple iPhone 8, serial number C7CW93YRJC6C, IMEI 353002095307202; and

iii.   An Android TCL A509L cell phone, IMSI 311480631504640.

iv.    a 128GB Apple iPhone 13 mini, serial number QT92MDJ7PT, IMEI 350257576117107;

v.     A blue Apple iPhone, IMEI 353503754266282;

vi.    a 128GB Apple iPhone 11 Pro, serial number C39CF2U5N6XN, IMEI 353237108191942; and

vii.   a 64GB Apple iPhone, serial number unknown, IMEI 354830095556546.

Further, to the best of his knowledge, no one else has any ownership or other interest in the property. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation whatsoever owing to the defendant.

7.    **Government's Agreements.**    Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses described in the statement of facts set forth in Paragraph 3, for which it has venue and which arose out of the defendant's conduct investigated in this case. The United States further agrees to dismiss Counts Three and Six of the Indictment after the defendant has been sentenced.

Other than the conduct expressly described in Paragraph 3, the defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

8

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. However, if the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound to impose the sentence agreed by the parties, as set forth in paragraph 6 above;

    b. The applicable Guidelines section for Counts One and Four, production of child pornography, is U.S.S.G § 2G2.1.

        1) U.S.S.G. § 2G2.1 provides for a base offense level of 32;

        2) Because the offense involved a minor who had not attained the age of sixteen years, the base offense level is enhanced 2 levels pursuant to U.S.S.G. § 2G2.1(b)(1)(B);

        3) Because the offense involved the commission of a sexual act, the base offense level is enhanced at least 2 levels pursuant to U.S.S.G. § 2G2.1(b)(2);

        4) Because the defendant knowingly engaged in distribution, the base offense level is enhanced 2 levels pursuant to U.S.S.G. § 2G2.1(b)(3);

        5) Because the offense involved material that portrays sadistic or masochistic conduct, the base offense level is enhanced by 4 levels pursuant to U.S.S.G. § 2G2.1(b)(4)(A);

        6) Because, the offense involved the use of a computer or an interactive computer service to solicit participation with a minor in sexually explicit conduct for the purpose of producing sexually explicit material, the base offense level is enhanced 2 levels pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(ii).

c. The applicable Guidelines section for Count Two, distribution of child pornography, is U.S.S.G § 2G2.2.

1) U.S.S.G. § 2G2.1 provides for a base offense level of 22;

2) Because the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain, the base offense level is enhanced 5 levels pursuant to U.S.S.G. § 2G2.2(b)(3)(B);

3) Because the offense involved material that portrays sadistic or masochistic conduct, the base offense level is enhanced by 4 levels pursuant to U.S.S.G. § 2G2.2(b)(4)(A);

4) Because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, the base offense level is enhanced by 5 levels pursuant to U.S.S.G. § 2G2.2(b)(5);

5) Because, the offense involved the use of a computer or an interactive computer service, the base offense level is enhanced 2 levels pursuant to U.S.S.G. § 2G2.2(b)(6);

6) Because, the offense involved 600 or more images, the base offense level is enhanced 5 levels pursuant to U.S.S.G. § 2G2.2(b)(7)(D);

7) Because the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, the cross-reference under U.S.S.G. § 2G2.2(c)(1) applies and U.S.S.G. § 2G2.1 should be applied if the resulting offense level is greater under U.S.S.G. § 2G2.1 than that determined under U.S.S.G. § 2G2.2.

d. The applicable Guidelines section for Count Five, extortion, is U.S.S.G § 2B3.2, which provides for a base offense level of 18.

e. The parties are aware that offenses covered by U.S.S.G. 2G2.1 (production of child pornography) and 2B3.2 (extortion) are excluded from grouping under U.S.S.G. § 3D1.2 and that a multiple count adjustment will be considered and may be applied pursuant to U.S.S.G. Chapter 4, Part D.

f. There may or may not be enhancements or reductions under the Guidelines that apply to this defendant other than those agreed upon by the parties. The parties are free to advocate for or object to the application of any other enhancements or reductions. The parties agree that this Court will determine the applicability of any enhancements or reductions under the Guidelines and agree to be bound by this Court's determination as to the applicability of

11

any enhancements or reductions. The parties agree that no evidence or testimony other than that of the case agent will be required to be produced by the United States at the sentencing hearing to establish by a preponderance of the evidence any contested facts;

g.     The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.   Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(a) and (b) of the Sentencing Guidelines.   The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

h.     There is no agreement between the parties regarding the defendant's criminal history category.   The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

i.     The defendant understands that the estimated Guideline calculations set forth in the subsections of this paragraph do *not* bind the Court or the United States Probation Office with respect to the Court's determination of the applicable advisory Guidelines;

j.     The defendant and the United States confirm that the agreed sentence set forth in paragraph 6 above is both reasonable and authorized by law;

k.     The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment).   The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the Indictment.   The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

l.     The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

**11.    Effect of Non-Agreement on Guidelines Applications.**    The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing

12

Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. Oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. Comment on the evidence supporting the charges in the Indictment;

    c. Oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court does not impose the sentence agreed to by the parties in this agreement; and

    d. Oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

c.   The right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d.   The right to confront and cross-examine the witnesses who testify against him;

e.   The right to compel or subpoena witnesses to appear on his behalf; and

f.   The right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial.   The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement.   The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15.   **Waiver of Appellate and Post-Conviction Rights.**

a.   The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b.   The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence.   An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.   However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

14

**16.** **Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

    a.  The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. Under 18 U.S.C. § 2259(b)(2)(B), such an award shall not be less than $3,000 per victim. Under 18 U.S.C. § 3663(a)(3), the defendant agrees that the Court shall also order restitution, in an amount determined by the Court to the victims of the defendant's offenses, including Adult Victim; and, in the case of minor victims in an amount not less than $3,000 per victim, to victims depicted in all other child pornography images or videos possessed or trafficked by the defendant arising from the investigation of this case which the Government has agreed not to charge pursuant to this plea agreement regardless of whether any such conduct falls within the offenses of conviction. Further, the defendant agrees to pay restitution to any of his minor victims, including Minor Victim 1 and Minor Victim 2, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (including relevant conduct, charged and uncharged conduct) includes adult victims, any minor victim of any child pornography offenses under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

    b.  The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

    c.  The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

    d.  Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

15

e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 for each count by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

g. The defendant understands that a separate Special Assessment of $5,000 per count, under 18 U.S.C. § 3014, will be imposed as part of the sentence in this case should the Court determine that the defendant is not indigent. This Special Assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from this case.

h. The defendant understands that an additional assessment of not more than $50,000 will be imposed under 18 U.S.C. § 2259A(a)(2) as part of the sentence in this case. Under 18 U.S.C. § 2259A(d)(2), the imposition of this assessment does not relieve the defendant of, or entitle him to reduce the amount of any other penalty by the amount of the assessment.

i. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

j. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Sex Offender Registration**. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that, independent of

16

supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information, including international travel. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever state he resides following release from prison, and he will be subject to the registration requirements of that state. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in the state in which he is released, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**18. <u>Defendant Will Remain in Custody after the Plea</u>.** The defendant understands that the crime to which he is pleading is a crime of violence, as defined by 18 U.S.C. § 3156(a)(4)(C). Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after it accepts his plea of guilty to the offense. The defendant hereby agrees not to contest his detention and will

17

be remanded to the custody of the U.S. Marshals immediately after the district court has accepted his plea.

19. **Waiver of FOIA Request.**   The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. **Waiver of Claim for Attorney's Fees.**   The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

21. **Defendant's Breach of Plea Agreement.**   If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.   The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings.   The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the

18

Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

22. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys, or any other party to induce him to enter his plea of guilty.

23. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

24. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors

19

or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Teresa A. Moore
United States Attorney

Dated: 4/9/2024

_Alison D. Dunning_
Alison D. Dunning
Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 4/9/2024

_Marek Redding_
Marek Redding
Defendant

I am defendant Marek Redding's attorney. I have fully explained to Mr. Redding his rights with respect to the offenses charged in the Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Mr. Redding's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 4/9/2024

_Ronna Holloman-Hughes_
Ronna Holloman-Hughes
Attorney for Defendant Marek Redding

20